Timothy J. Murphy (SBN 54200)
Jennifer K. Achtert (SBN 197263)
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2340
San Francisco, CA  94111-3712
Telephone:  415/490-9000
Facsimile:  415/490-9001

Attorneys for Defendant
SECURITAS SECURITY SERVICES USA, INC.

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**SBA**

ABSALOM CRISTOBAL,

Plaintiff,

v.

SECURITAS SECURITY SERVICES USA, INC.,

Defendant.

Case No.: **CV 11 3114**

(San Francisco Superior Court
Case No.: CGC-11-511196)

**NOTICE OF REMOVAL**

Complaint Filed:  May 24, 2011

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1441 and 1446, defendant Securitas Security Services USA, Inc. ("Securitas"), by and through its attorneys of record, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of San Francisco, to the United States District Court for the Northern District of California, on the following grounds:

## PLEADINGS AND PROCEEDINGS TO DATE

1.      On or about May 24, 2011, Plaintiff Absalom Cristobal ("Plaintiff") filed a Complaint in the Superior Court of the State of California in and for the County of San Francisco styled *Absalom Cristobal v. Securitas Security Services, USA Inc.,* Case No. CGC-11-511196.

2.      Removal of a case to federal court is governed by 28 U.S.C. section 1441, which allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When "one or more otherwise non-removable claims or causes of action" are joined to the claim that allows removal, "the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).

3.      Pursuant to 28 U.S.C. section 1441, the United States District Court for the Northern District of California has original jurisdiction over the parties and the subject matter of this action because Plaintiff's third cause of action is governed by Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 28 U.S.C. section 185.  The Complaint sets forth the facts upon which Plaintiff relies for his third cause of action.  A copy of Plaintiff's Complaint, along with the Summons and other materials served on Securitas are attached hereto as Exhibit 1.  Exhibit 1 constitutes all process, pleadings, and orders received by Securitas in this action.  Securitas's Answer, filed on June 23, 2011, is attached as Exhibit 2.

**FEDERAL QUESTION JURISDICTION**

4.      In his Complaint, Plaintiff seeks damages based upon an alleged breach of the collective bargaining agreement that governed his employment with Securitas, among other claims.  Exhibit 1, Complaint.  In his claim for breach of contract, Plaintiff identifies the collective bargaining agreement as the basis for his cause of action, and alleges that "the union contract prohibits the company from engaging in discrimination of employees covered by the contract … as well as prohibiting the company from refusing to bargain in good faith any and all grievances." *Id.*, ¶ BC-1.  He further alleges that Securitas breached the collective bargaining agreement when it "failed to bargain in good faith the underlying issue that [gave rise to [Plaintiff's] grievances and because of the bad faith conduct by Securitas, [Plaintiff's] union stopped processing [his] grievances and [he] was deprived of [his] rights to due process in this matter." *Id.*, ¶ BC-2; see also ¶ 10.

5.      Plaintiff was a member of a bargaining unit during his employment at Securitas. The collective bargaining agreement that covered Plaintiff contained the conditions under

1    which Plaintiff's employment could properly be terminated, set out the procedures for

2    processing of grievances, and governed the terms and conditions of his employment.  See

3    Exhibit 1, Complaint.  Because these claims for relief involve the interpretation and application

4    of a collective bargaining agreement, Section 301 of the LMRA governs this dispute.  Indeed,

5    the United States Supreme Court has proclaimed:

6         [T]he preemptive force of § 301 is so powerful as to displace entirely any state
          cause of action "for violation of contracts between an employer and a labor
7         organization."  Any such suit is purely a creature of federal law, notwithstanding
          the fact that state law would provide a cause of action in the absence of § 301.
8

9    *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. California* (1983) 463 U.S.

10   1, 23 (citation and footnote omitted).  Hence, a federal question is implicitly raised in Plaintiff's

11   Complaint.

12        6.      As required by 28 U.S.C. section 1446(b), this Notice of Removal is filed within

13   thirty (30) days after Securitas was served with the Summons and Complaint.  Securitas was

14   served on May 25, 2011.  There are no other defendants.

15                                        **VENUE**

16        7.      This action is now pending in Superior Court of the State of California in and for

17   the County of San Francisco, and thus is properly removed to the United States District Court

18   for the Northern District of California pursuant to 28 U.S.C. section 1441(a).

19        8.      Promptly after filing of this Notice of Removal, Defendant will file in the

20   Superior Court of the State of California in and for the County of San Francisco its Notice of

21   Filing of Notice of Removal with a copy of this Notice of Removal attached thereto.  A copy of

22   Defendant's Notice of Filing of Notice of Removal is attached hereto as Exhibit 3.  Further,

23   Defendant has sent to Plaintiff a copy of this Notice of Removal, and will promptly send to

24   Plaintiff a copy of Defendant's Notice of Filing of Notice of Removal.

25                              **INTRA-DISTRICT ASSIGNMENT**

26        9.      Pursuant to 28 U.S.C. section 1441(a) and Northern District Local Rule 3-2, this

27   action is properly assigned to the San Francisco Division or Oakland Division because

28   / / /

1   Securitas is informed and believes that at least some of the actions that allegedly gave rise to

2   the Complaint occurred in the County of San Francisco.

3          10.     On or about August 19, 2010, Plaintiff filed a previous Complaint in the

4   Superior Court of the State of California in and for the County of San Francisco styled *Absalom*

5   *Cristobal v. Securitas Security Services USA, Inc. and Service Employees International Union*

6   *Local 24/7,* Case No. CGC-10-502852, and also arising out of the termination of Plaintiff's

7   employment with Securitas.  That Complaint was removed to this Court on September 23,

8   2010, Case No. CV 10 4300 BZ, and was subsequently dismissed without prejudice as to

9   Securitas on October 21, 2010, and dismissed in its entirety on April 5, 2011.

10          11.     This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal

11   Rules of Civil Procedure.

12

13   DATED:  June 23, 2011             FISHER & PHILLIPS LLP

14

15                               By:

16                                 Jennifer K. Achtert

17                                 Attorneys for Defendant
    SECURITAS SECURITY SERVICES USA,
    INC.

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACIÓN JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SECURITAS SECURITY SERVICES, USA INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ABSALOM CRISTOBAL

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* SUPERIOR COURT | *(Número del Caso):* CGC-11-511196 |

400 MCALLISTER STREET
SAN FRANCISCO, CALIFORNIA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ABSALOM CRISTOBAL  1017 L STREET # 750 SACRAMENTO, CALIFORNIA 95814 (415) 948-7360

| DATE: MAY 2 4 2011 | CLERK OF THE COURT | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* SECURITAS SECURITY SERVICES, USA INC.

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

EXEMPTED   **PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ABSALOM CRISTOBAL  PRO SE<br>1017 L STREET # 750<br>SACRAMENTO, CA 95814<br><br>TELEPHONE NO: (415) 948-7360     FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* absalom.cristobal@yahoo.com<br>ATTORNEY FOR *(Name):* N/A | SAN FRANCISCO COUNTY<br>SUPERIOR COURT<br><br>2011 MAY 24  AM 1: 08<br><br>CLERK OF THE COURT<br>BY: _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN FRANCISCO
STREET ADDRESS: 400 MCALLISTER STREET
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: SAN FRANCISCO, CALIFORNIA 94102-4512
BRANCH NAME: SUPERIOR COURT

PLAINTIFF: ABSALOM CRISTOBAL

DEFENDANT: SECURITAS SECURITY SERVICES, USA INC.

☐ DOES 1 TO _____

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ AMENDED *(Number):*
**Type** *(check all that apply):*
☐ MOTOR VEHICLE   ☑ OTHER *(specify):* UNJUST DISCHARGE
☐ Property Damage   ☐ Wrongful Death
☑ Personal Injury   ☐ Other Damages *(specify):* FRAUD; TORT

**Jurisdiction** *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE
   Amount demanded  ☐ does not exceed $10,000
      ☐ exceeds $10,000, but does not exceed $25,000
☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

CASE NUMBER:

**CGC-11-511196**

1. Plaintiff *(name or names):*  ABSALOM CRISTOBAL
   alleges causes of action against **defendant** *(name or names):*
   SECURITAS SECURITY SERVICES, USA INC.

2. This pleading, including attachments and exhibits, consists of the following number of pages: **27**

3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

**COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death**

Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| CRISTOBAL V SECURITAS | |

4. ☑ Plaintiff (name): ABSALOM CRISTOBAL
   is doing business under the fictitious name (specify):
   N/A
   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ **except** defendant (name): SECURITAS INC.
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   c. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   b. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☐ Doe defendants (specify Doe numbers): ——————————— were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☐ Doe defendants (specify Doe numbers): ——————————— are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☑ Plaintiff is required to comply with a claims statute, **and**
   a. ☑ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because (specify):

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| CRISTOBAL V SECURITAS | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☑ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☑ Other *(specify):*

   FRAUD
   BREACH OF LABOR CONTRACT

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☑ other damage *(specify):*

   INCOME LOSS, BENEFITS LOSS; SHAME, HUMILIATION & EMOTIONAL DISTRESS
   DISCRIMINATION AND RETALIATION, INTENTIONAL MISREPRESENTATION OF
   FACTS AND FRAUD.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

   YES, THIS COMPLAINT & CAUSES OF ACTION ALLEGE VIOLATION OF THE FEHA GOV.
   CODE. SEC. 12940(A) (H) (I). GOVERNMENT CODE THAT AUTHORIZES THIS IS SEC. 12965(B) .

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☑ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   1, 2, 4, 5(A)2, 8(C), 9(A), 10(C); 10(F). 11(A), 11(D), 11(G), 13, 14(A)1; 14(A)2; 14(A) SUBPART
   (1) & 15. PLEASE NOTE PARAGHAPH 13. THIS IS A VERIFIED COMPLAINT CASE

Date: 5 / 24 / 2011

ABSALOM CRISTOBAL
_____
(TYPE OR PRINT NAME)

▶ _Kh_
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**PLD-C-001(3)**

| SHORT TITLE:<br>CRISTOBAL V SECURITAS | CASE NUMBER: |
|---|---|

<u>1</u>                               **CAUSE OF ACTION—Fraud**
*(number)*

ATTACHMENT TO   [✓] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR- 1. Plaintiff *(name)*:  ABSALOM CRISTOBAL

alleges that defendant *(name)*:  SECURITAS SECURITY Service USA INC.

on or about *(date)*:  05/21/2209                     defrauded plaintiff as follows:

FR-2. [✓]  **Intentional or Negligent Misrepresentation**
a. Defendant made representations of material fact       [ ] as stated in Attachment FR-2.a   [✓] as follows:

ON MAY 13, 2009 I RECEIVED A LETTER FROM THE AREA HR MANAGER,
RICHARD LOTT, IN WHICH AMONG OTHER THINGS, HE ASSURED ME THAT I
WAS STILL AN EMPLOYEE OF THE COMPANY, AND THAT HE WANTED TO MEET
WITH ME ON MAY 19, 2009 TO DISCUSS MY CONTINUED EMPLOYMENT WITH
THE COMPANY, HE INDICATED IN THE LETTER THAT NO DECISION REGARDING
MY FUTURE WITH THE COMPANY HAD BEEN MADE PRIOR TO THAT DATE AND
THOSE DECISION WOULD BE MADE AFTER THE MEETING SET FOR MAY 19, 2009

b. These representations were in fact false. The truth was   [ ] as stated in Attachment FR-2.b  [✓] as follows:

THESE ASSURANCES WERE IN FACT FALSE, THE TRUTH WAS THAT I HAD
ALREADY BEEN DISCHARGED FROM MY JOB ON MAY 15, 2009 WITH THE FULL
KNOWLEDGE OF RICHARD LOTT AND OTHER HIGH LEVEL MANAGEMENT
STAFF, AND THE MANAGEMENT STAFF THAT ATTENDED THE MEETING HELD
ON MAY 19, 2009 WERE AWARE OF THIS FACTS, PRIOR TO THE MEETING.

c. When defendant made the representations,
[✓]  defendant knew they were false, **or**
[ ]  defendant had no reasonable ground for believing the representations were true.

d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described
in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed
they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [✓]  **Concealment**
a. Defendant concealed or suppressed material facts       [ ] as stated in Attachment FR-3.a   [✓] as follows:

MANAGEMENT STAFF AT THE MEETING HELD ON MAY 19, 2009 CONCEALED
AND SUPPRESSED MATERIAL FACTS IN REGARD TO MY EMPLOYMENT STATUS.

b. Defendant concealed or suppressed material facts
[✓]  defendant was bound to disclose.
[ ]  by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed
or suppressed facts.

c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act
as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed
facts and would not have taken the action if plaintiff had known the facts.

Page   <u>1</u>

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001(3) [Rev. January 1, 2007] | **CAUSE OF ACTION—Fraud** | Code of Civil Procedure, § 425.12<br>*www.courtinfo.ca.gov* |
|---|---|---|

PLD-C-001(3)

| SHORT TITLE:<br>CRISTOBAL V SECURITAS INC. | CASE NUMBER: |
|---|---|

1 _____          **CAUSE OF ACTION—Fraud**
   (number)

FR-4.  ☑  **Promise Without Intent to Perform**
   a. Defendant made a promise about a material matter without any intention of performing it  ☐  as stated
      in Attachment FR-4.a  ☐  as follows:

   RICHARD LOTT MADE ASSURANCES TO ME IN HIS LETTER, THAT I WAS STILL
   AN EMPLOYEE OF THE COMPANY AND THAT THE PURPOSE OF THE MEETING
   HELD ON MAY 19, 2009 WAS TO DISCUSS MY FUTURE WITHTHE COMPANY
   AFTER AN INCIDENT IN WHICH I WAS SUSPENDED FROM MY JOB ON JANUARY
   20, 2009. HE ASSURED ME THAT NO DECISION REGARDING MY EMPLOYMENT
   WITH THE COMPANY HAD BEEN MADE PRIOR TO THE MEETING DATE, AND HE
   CONTINUED TO REPRESENT BEFORE AND DURING THE MEETING THAT THIS
   WAS THE CASE. ALTHOUGH IN FACT HE HAD ALREADY TERMINATED ME
   FROM MY JOB ON MAY 15, 2009, HE DID NOT TELL ME OR MY UNION REP.

   b. Defendant's promise without any intention of performance was made with the intent to defraud and induce
      plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of
      defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5.  In justifiable reliance upon defendant's conduct, plaintiff was induced to act  ☐  as stated in Attachment FR-5
   ☑  as follows:

   IN JUSTIFICATION AND RELIANCE THAT HE SPOKE IN GOOD FAITH , RICHARD LOTT
   INDUCED ME TO ATTEND THE MEETING HELD ON MAY 19, 2009. I WAS UNAWARE
   THAT I HAD BEEN FIRED FROM MY JOB BEFORE THE MEETING, HAD I BEEN TOLD
   BEFORE THE MEETING OF MY TERMINATION I WOULD NOT HAVE ATTENDED THIS
   MEETING, BEFORE AND DURING THE MEETING, RICHARD LOTT AND TWO OTHER
   HIGH LEVEL MANAGERS, KNEW THAT I HAD ALREADY BEEN TERMINATED BUT
   THEY FAILED TO DISCLOSE THIS INFORMATION TO ME AND THEY PLAY ACTED AS
   THOUGH NO DECISION REGARDING MY FUTURE WITH THE COMPANY HAD BEEN
   MADE PRIOR TO THE MEETING I ATTENDED. THEY INTENTIONALLY MISLEAD ME
   AND MEET WITH ME FOR OVER TWO HOURS PERPETRATING THIS FRAUD.

FR-6.  Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged  ☐  as stated in
   Attachment FR- 6  ☑  as follows:

   I SUFFERED INCOME LOSS, SHAME; HUMILIATION AND DISTRESS AS A RESULT OF
   THE SHAM MEETING HELD ON MAY 19, 2009 IN ORDER TO MAKE IT APPEAR AS
   THOUGH ON DECISION HAD BEEN MADE REGARDING MY FUTURE WITH THE
   COMPANY PRIOR TO THE MEETING, I WAS PAID FOR MY ATTENDANCE TO THE
   MEETING, IN ORDER TO MISLEAD ME INTO THINKING THAT THE DECISION TO
   TERMINATE MY EMPLOYMENT WAS MADE AT A LATER DATE, SECURITAS HAND
   DELIVERED TO MY ATTORNEY A LETTER OF TERMINATION DATED MAY 21, 2009
   AND TWO CHECKS TO LEGITIMAZE THIS FRAUD AND INTENTIONAL TORT.

FIR - 7.  Other:

PLD-C-001(3) [Rev. January 1, 2007]          **CAUSE OF ACTION—Fraud**          Page 2 of 2

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| CRISTOBAL V SECURITAS | |

2
_____          **CAUSE OF ACTION—Intentional Tort**          **Page**    1
_____    *(number)*

ATTACHMENT TO    ☑ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):*   ABSALOM CRISTOBAL

alleges that defendant *(name):*  SECURITAS SECURITY SERVICES, USA INC.

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)* MAY 19, 2009
at *(place)* 120 HOWARD STREET # 640 SAN FRANCISCO, CA 94105

*(description of reasons for liability):*

THE DEFENDANT SECURITAS BY IT'S HIGH LEVEL MANAGEMENT STAFF, AREA HR MANAGER, RICHARD LOTT, AREA LABOR RELATIONS MANAGER; LINDA BREWER AND AREA VICE-PRESIDENT OF HUMAN RESOURCES, INTENTIONALLY MISLEAD ME INTO BELIEVING BEFORE AND DURING A MEETING I ATTENDED ON MAY 19, 2009; THAT I WAS AN EMPLOYEE OF THE COMPANY, ALTHOUGH I WAS ON SUSPENSION AT THE TIME, THEY CONDUCTED A SHAM MEETING TO DISCUSS MY FUTURE WITH THE COMPANY, WHEN IN FACT MY EMPLOYMENT HAD ALREADY BEEN TERMINATED, ON MAY 15, 2009. THE MANAGEMENT STAFF THE CONDUCTED THE MEETING, WERE ALL AWARE THAT I HAD ALREADY BEEN DISCHARGED FROM MY JOB, ALTHOUGH THEY HAD A LEGAL OBLIGATION TO INFORM ME OF MY TRUE EMPLOYMENT STATUS THEY CHOOSE TO CONDUCT THIS MEETING IN A FRAUDULENT, DECEITFUL, AND STEALTHY WAY AND CONCEAL MATERIAL FACTS THAT SHOULD HAVE BEEN DISCLOSED TO ME BEFORE AND OR AT THE TIME THE MEETING WAS TAKING PLACE, THESE AGENTS OF THE DEFENDANT FAILED TO ACT IN GOOD FAITH AND CHOOSE TO MIS-REPRESENT MY STATUS, THEY CHOOSE TO DISCHARGE ME BY STEALTH AND DECEIT RATHER THAN CALL ME AND OR MY UNION REPRESENTATIVE BEFORE THE MEETING DATE, TO CANCEL THE SHAM EVENT. AS A RESULT OF THIS GROSS DISREGARD FOR MY RIGHTS TO GOOD FAITH DUE PROCESS, I SUFFERED A SHAM EMPLOYMENT TERMINATION MEETING, LOSS INCOME, LOSS EMPLOYEE BENEFITS; I SUFFERED SHAME AND NEEDLESS HUMILIATION, BECAUSE MY DISCHARGE WAS ENGINEERED BY FRAUD, I ALSO ALLEGE MY PAST CHARGES AGAINST THE DEFENDANT, BEFORE THE NATIONAL LABOR RELATIONS BOARD, AND THE FACT THAT, THE DEFENDANT, MAY HAVE LEARNED OF A PAST MEDICAL CONDITION, SOME OR ALL OF THESE FACTORS, MAY HAVE PLAYED A ROLL IN THE STEALTHY WAY IN WHICH I WAS TERMINATED FROM MY JOB, THIS BEING A FORM OF RETALIATION AGAINST ME BY MY FORMER EMPLOYER, SECURITAS.

Page 1 of 1

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| CRISTOBAL V SERCURITAS | |

3  _____    **CAUSE OF ACTION—Breach of Contract**
_(number)_

ATTACHMENT TO   [✓] Complaint   [ ] Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

BC-1.  Plaintiff _(name)_:  **ABSALOM CRISTOBAL**

alleges that on or about _(date)_:

a  [✓] written   [ ] oral   [ ] other _(specify)_:

agreement was made between _(name parties to agreement)_:

**DEFENDANT AND MYSELF THOURGH COLLECTIVE BARGAINING AGREEMENT**

[ ]   A copy of the agreement is attached as Exhibit A, or

[✓]   The essential terms of the agreement   [ ] are stated in Attachment BC-1   [✓] are as follows _(specify)_:

**THE UNION CONTRACT PROHIBITS THE COMPANY FROM ENGAGING IN DISCRIMINATION OF EMPLOYEES COVERED BY THE CONTRACT, SECTIONS 4.7 AND SECTION 3 AS WELL AS PROHIBITING THE COMPNY FROM REFUSING TO BARGAIN IN GOOD FAITH ANY AND ALL GRIEVANCES UNDER SECTION 25 STEPS 1, 2, 3 &4**

BC-2.  On or about _(dates)_:  **AUGUST 28TH 2009**

defendant breached the agreement by   [ ] the acts specified in Attachment BC-2   [✓] the following acts _(specify)_:

**SECURITAS FAILED TO BARGAIN IN GOOD FAITH THE UNDERLYLING ISSUE THAT GIVE RAISE TO MY GRIEVANCES AND BECAUSE OF THE BAD FAITH CONDUCT BY SECURITAS, MY UNION STOPPED PROCESSING MY GRIEVANCES AND I WAS DEPRIVED OF MY RIGHTS TO DUE PROCESS IN THIS MATTER, BECAUSE SECURITAS WILFULLY IMPEDED THE PROCESS FROM TAKING PLACE**

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement

[ ] as stated in Attachment BC-4   [✓] as follows _(specify)_:

**I LOSS MY JOB THROUGH FRAUD, DECEIT AND MANIPULATION AS WELL AS EMPLOYEE BENEFITS, I SUFFERED STRESS, HUMILIATION AND PAIN BY THESE UNJUST ACTIONS TAKEN AGAINST ME IN A DISCRIMINATORY AND RETALIATORY WAY BY THE SECURITAS' AGENTS' RICHARD LOTT, LINDA BREWER AND ART MCCAIN.**

BC-5.  [ ]   Plaintiff is entitled to attorney fees by an agreement or a statute

[ ] of $

[ ] according to proof.

BC-6.  [✓] Other:

**THE FULL COST OF ANY AND ALL COURT RELATED FEES IN THIS COMPLAINT AND CAUSES OF ACT.**

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

**PLD-PI-001(6)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| CRISTOBAL V SECURITAS | |

# Exemplary Damages Attachment

Page _____

ATTACHMENT TO   ☑ Complaint   ☐ Cross - Complaint

EX-1. As additional damages against defendant *(name):*

SECURITAS SECURITY SERVICES, USA INC.

Plaintiff alleges defendant was guilty of
☐ malice
☑ fraud
☐ oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

THE DEFENDANTS' SECURITAS BY ITS' AGENTS, HIGH LEVEL MANAGEMENT STAFF THROUGH FRAUD,DECEIT AND STEALTH TERMINATED MY EMPLOYMENT, AND CONCEALED MY DISCHARGE FROM ME, ON MAY 13, 2009 I RECEIVED A LETTER FROM THE AREA HR MANAGER; RICHARD LOTT, AFTER MY ATTORNEY SENT HIM A LETTER DATED MAY 13, 2009. MY ATTORNEY WANTED TO CLARIFY MY STATUS AS AN EMPLOYEE OF THE COMPANY, IN THE LETTER THAT MR. LOTT SENT TO ME VIA E-MAIL THE ASSURED ME THAT I WAS STILL AN EMPLOYEE OF THE COMPANY. IN THE LETTER MR. LOTT REQUESTED THAT I ATTEND A MEETING SET FOR MAY 19, 2009. THE PURPOSE OF THE MEETING WAS TO DISCUSS MY FUTURE WITH THE COMPANY, BECAUSE AT THE TIME I WAS SUSPENDED FROM WORK ON A ALLEGATION OF POST ABANDONMENT, I WAS SUSPENDED FROM JANUARY 20, 2009 UP UNTIL MAY 19, 2009. MANAGEMENT PERSONNEL REPRESENTING SECURITAS AT THE MEETING HELD ON MAY 19, 2009 AT 1:30 PM HAD PRE-KNOWLEDGE OF THE FACT THAT I HAD BEEN DISCHARGED ON MAY 15, 2009 AND FAILED TO DISCLOSE THIS INFORMATION TO ME PRIOR TO OR DURING THE MEETING, I HAD A LEGAL RIGHT TO KNOW MY EMPLOYEE STATUS AND THE MANAGEMENT STAFF AT THE MEETNG HAD A LEGAL OBLIGATION TO INFORM ME OF THIS. UPON MY ARRIVAL OR PRIOR TO THE MEETING THE MANAGEMENT STAFF CONDUCTING THE MEETING COULD HAVE CALLED ME OR MY UNION REP. TO INFORM US THAT I HAD ALREADY BEEN DISCHARGED FROM EMPLOYMENT WITH THE COMPANY AND CANCEL THE MEETING, BUT INSTEAD CHOOSE TO CONTINUE THEIR DECEPTION FOR MORE THAN TWO HOURS FOR THE ENTIRE MEETING. THIS WAS INTENTIONAL. AND WILLFUL AS DEFINED UNDER CAL. CIVIL CODE SEC. 3294 (A), (B) 7 (C)1. I HAVE EXHAUSTED ALL OF MY ADMINISTRATIVE REMEDIES UNDER BOTH STATE AND FEDERAL LAW, PLEASE SEE EXHIBIT #S 1, 2, 3, 4, 5, 6, & 7. TO CONTINUE THIS FRAUDULENT, DECEITFUL AND STEALTHY CONDUCT, THE DEFENDANT, ISSUED ME 2 CHECKS TO MAKE IT APPEAR AS THOUGH, MY DISCHARGE DID NOT TAKE PLACE UNTIL MAY 21, 2009.

EX-3. The amount of exemplary damages sought is
a. ☑ not shown, pursuant to Code of Civil Procedure section 425.10.
b. ☐ $

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov



**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov

September 15, 2010

ABSALOM CRISTOBAL
10 NW BROADWAY, #432
PORTLAND, OR 97209

RE:     E201011M0315-00-prb
        CRISTOBAL/SECURITAS, INC.

Dear ABSALOM CRISTOBAL:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: An Administrative Decision.

Please be advised that this recommendation has been accepted and the case has been closed effective August 30, 2010.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.



Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,



Selena Wong
Regional Administrator


cc:    Case File


RICHARD LOTT
AREA HR MGR
SECURITAS, INC.
120 HOWARD STREET #640
SAN FRANCISCO, CA  94105

DFEH-200-08b (06/06)
MUWAKAHO



**SEIU**
*Stronger Together*

**Local 1877**
**SOULA 2006**
**Local 24/7**
**Local 2007**

**Southern California Headquarters**
828 W. Washington Blvd.
Los Angeles, CA 90015
PHONE (213) 284-7705
FAX (213) 284-7725

**Orange County Office**
1516 N. Sycamore St.
Santa Ana, CA 92701
(714) 245 9700
Fax (714) 245 9710

**San Diego Office**
4265 Fairmount Ave.
Suite 260
San Diego, CA 92105
(619) 641-3050
Fax (619) 641-3055

**Northern California Headquarters**
3411 East 12th Street
Oakland, CA 94601-3425
PHONE (800) 772-3326
FAX (510) 261-2039

**San Jose Office**
1010 Ruff Drive
San Jose, CA 95110
(408)280-7770
Fax (408) 280-7804

**Sacramento Office**
1401 21st Street, Suite 310
Sacramento, CA 95814
(916) 498-9505
Fax (916) 497-0806

**San Francisco Office**
45 Polk Street, 2nd Floor
San Francisco, CA 94102
(415) 552-1301
Fax(415) 552-1307

June 3, 2009

Richard Lott, Area HR Mgr.
Securitas Security Services USA, Inc.
120 Howard St., Suite 640
San Francisco, CA.        94105

Re: Absalom Christobal

Dear Mr. Lott,

This letter is to notify you of the step 2 Grievance being filed on behalf of Absalom Christobal.

**Complaint:**

The member feels he was wrongfully discharged, possibly bordering retaliation a violation of Article 4 of the collective Bargaining Agreement. Furthermore the Union feels Mr. Christobal was over excessively disciplined

**Remedy:**

The Union is requesting that Securitas reconsider their decision on Mr. Christobal's termination, have his employment reinstated with no loss of wages, seniority or benefits.

Any and all other relief to make the grievant whole, including back pay.

**Information Requested:**

a) Copies of any and all disciplinary paperwork in Mr. Christobal's file.

b) Copies of any witness statements obtained by Securitas to warrant Mr. Chritobal's discharge from the company.

c) Copies of all documentation used by Securitas to warrant Mr. Christobals termination.

THKE UNION EXPECTS A WRITTEN RESPONSE WITHIN 7 BUSINESS DAYS.

Regards,

*Teresita Cruz*
Teresita Cruz
Vice President
SEIU Local 24/7


grievant

Cc. Linda Brewer
Region Labor Relations Manager





**Local 1877**
**SOULA 2006**
**Local 24/7**
**Local 2007**

**Southern California Headquarters**
828 W. Washington Blvd.
Los Angeles, CA 90015
PHONE (213) 284-7705
FAX (213) 284-7725

Orange County Office
1516 N. Sycamore St.
Santa Ana, CA 92701
(714) 245 9700
Fax (714) 245 9710

San Diego Office
4265 Fairmount Ave.
Suite 260
San Diego, CA 92105
(619) 641-3050
Fax (619) 641-3055

**Northern California Headquarters**
3411 East 12th Street
Oakland, CA 94601-3425
PHONE (800) 772-3326
FAX (510) 261-2039

San Jose Office
1010 Ruff Drive
San Jose, CA 95110
(408)280-7770
Fax (408) 280-7804

Sacramento Office
1401 21st Street, Suite 310
Sacramento, CA 95814
(916) 498-9505
Fax (916) 497-0806

San Francisco Office
45 Polk Street, 2nd Floor
San Francisco, CA 94102
(415) 552-1301
Fax (415) 552-1307

June 9, 2009

Richard Lott ─ HR
Securitas Security Services USA, Inc.
120 Howard Street, Suite 640
San Francisco, CA.

RE:  Mr. Absalom Cristobal

Dear Mr. Lott,

This letter is informing you that a Step 1 grievance has been filed on behalf of Mr. Absalom Cristobal.

**Complaint:**

The grievant feels that since his Weingarten Rights were denied him, that anything that happened after this violation took place including the suspension should be challenged.  Weingarten Rights come from a 1975 US Supreme Court decision (NLRB vs. Weingarten)

**Remedy:**

The Union requests the grievant have his employment reinstated with no loss of wages, seniority or benefits.

Any and all other relief to make the grievant whole, including back pay.

**Information Requested:**

   **a)**  Copies of any witness statements obtained by Securitas to warrant Mr. Cristobal's suspension.

   **b)**  Copies of all documentation used by Securitas to warrant Mr. Cristobal's suspension.

THE UNION EXPECTS A WRITTEN RESPONSE WITHIN 7 BUSINESS DAYS.

Regards,

*Teresita Cruz*                          *AbS*
...................................          ...................................
Teresita Cruz                                     GRIEVANT
SEIU Local 24/7

Cc.  Linda Brewer





# NATIONAL LABOR RELATIONS BOARD

## Region 20

901 Market Street, Suite 400

San Francisco, California 94103-1735

Telephone: 415/356-5130
FAX: 415/356-5156
Website: www.nlrb.gov
Board Agent's E-Mail: Craig.Wilson@nlrb.gov

JUL 1 5 2009

Mr. Wayne Hersh
Littler Mendelson
2050 Main Street, Suite 900
Irvine, CA 92514

Mr. Absalom Cristobal
101 Hyde Street
San Francisco, CA 94102

Mr. Richard Lott
Securitas, Inc.
120 Howard Street #640
San Francisco, CA 94105

John M. Henert
Vice President of Labor Relations
Securitas Security Systems USA Inc.
180 N. Stetson Avenue Suite 1975
Chicago, IL 60601

Re:   Securitas, Inc.
      Case    20-CA-34519

Gentlepersons:

The Region has carefully considered the charge filed against Securitas, Inc. alleging it violated the National Labor Relations Act.  As explained below, I have decided that further proceedings on that charge should be handled in accordance with the Board's deferral policy.

*Deferral Policy:*  Under the Board's deferral policy as set forth in *Collyer Insulated Wire,* 192 NLRB 837 (1971) and *United Technologies Corp.,* 268 NLRB 557 (1984), this Agency will withhold making a final determination on certain arguably meritorious unfair labor practice charges when a grievance involving the same issue can be processed under the grievance/arbitration provisions of the applicable contract.  This policy is based, in part, on the preference that the parties should resolve certain issues through their contractual grievance procedure in order to achieve a prompt, fair and effective settlement of their dispute.  Therefore, if an employer agrees to waive contractual time limits and process the related grievance through arbitration if necessary, the Regional office will defer the charge.

*Decision to Defer:*  Based on our investigation, I am deferring further proceedings on the charge to the grievance/arbitration process for the following reasons:

1.  The charge raises the following issues:  the discharge of Absalom Cristobal in violation of Section 8(a)(3) of the Act.

2.  The Employer and the Union have a collective-bargaining agreement currently in effect that provides for final and binding arbitration.

3.  The Employer is willing to process a grievance concerning the above allegations in the charge, and will arbitrate the grievance if necessary.  The Employer has also agreed to waive any time limitations in order to ensure that the arbitrator addresses the merits of the dispute.



20-CA-34519
Page 2

4.  Since the above allegations in the charge appear to be covered by certain provisions of the collective-bargaining agreement, it is likely that the allegations may be resolved through the grievance/arbitration procedure.

*Further Processing of the Charge:* As explained below, while this portion of the charge is deferred, the Region will monitor the processing of the grievance and under certain circumstances will resume processing the charge.

*Charging Party's Obligation:* Under the Board's Collyer deferral policy, the Charging Party has an affirmative obligation to file a grievance, if a grievance has not already been filed. If the Charging Party fails either to promptly file or submit the grievance to the grievance/arbitration process, or declines to have the grievance arbitrated if it is not resolved, I will dismiss the charge.

*Union/Employer Conduct:* If the Charging Party is an individual and the Union or Employer fails to promptly process the grievance under the grievance/arbitration process; declines to arbitrate the grievance if it is not resolved; or if a conflict develops between the interests of the Union and Charging Party, I may revoke deferral and resume processing of the charge.

*Charged Party's Conduct:* If the Charged Party prevents or impedes resolution of the grievance, raises a defense that the grievance is untimely filed or refuses to arbitrate the grievance, I will revoke deferral and resume processing of the charge.

*Inquiries and Requests for Further Processing:* Approximately every 90 days, the Regional Office will ask the parties about the status of this dispute to determine if the dispute has been resolved and whether continued deferral is appropriate. However, I will accept and consider, at any time, requests and supporting evidence submitted by any party to this matter for dismissal of the charge, for continued deferral of the charge, or for resumed processing of the charge.

*Notice to Arbitrator Form:* If the grievance is submitted to an arbitrator, please sign and submit to the arbitrator the enclosed "Notice to Arbitrator" form to ensure that the Region receives a copy of an arbitration award when the award is sent to the parties.

*Review of Arbitrator's Award:* If the grievance is arbitrated, the Charging Party may request this office to review the arbitrator's award. The request must be in writing and addressed to me. The request should analyze whether the arbitration process was fair and regular, whether the unfair labor practice allegations in the charge were considered by the arbitrator, and whether the award is consistent with the Act. Further guidance on the nature of this review is provided in *Spielberg Manufacturing Company*, 112 NLRB 1080 (1955), and *Olin Corp.*, 268 NLRB 573 (1984).

*Charging Party's Right to Appeal*: The National Labor Relations Board Rules and Regulations permit Charging Party to obtain a review of this action by filing an appeal with the General Counsel of the National Labor Relations Board. If the Charging Party wishes to file an appeal, please note the following:

*Your Right to Appeal*: The National Labor Relations Board Rules and Regulations permit you to obtain a review of this action by filing an appeal with the General Counsel of the National Labor Relations Board. Use of Form NLRB-4767, Appeal Form, will satisfy this requirement. However, you are encouraged to submit a complete statement setting forth the facts and reasons why you believe that the decision to dismiss your charge was incorrect.

The appeal may be filed by regular mail addressed to the General Counsel at the National Labor Relations Board, Attention: Office of Appeals, 1099 14th Street, NW, Washington, DC 20570-0001. A copy of the appeal should also be mailed to me.

20-CA-34519
Page 3

An appeal may also be filed electronically by using the e-filing system on the Agency's website. In order to file an appeal electronically, please go to the Agency's website at www.nlrb.gov, and select the *E-Gov* tab and click on *E-Filing*. Scroll to the *General Counsel's Office of Appeals*. Select the type of document you wish to file electronically and you navigate to detailed instructions on how to file an appeal electronically.

The appeal MAY NOT be filed by facsimile transmission.

*Appeal Due Date:* The appeal must be received by the General Counsel in Washington D. C. by the close of business at 5:00 p.m. EST/EDT on _____ JUL 2 9 2009 _____, unless electronically filed. If you mail the appeal, it will be considered timely if it is postmarked no later than one day before the due date. If you file the appeal electronically it will be considered timely filed if the transmission of the *entire document* through the Agency's website is accomplished **no later than 11:59 p.m. Eastern Time** on the due date.

*Extension of Time to File Appeal:* Upon good cause shown, the General Counsel may grant you an extension of time to file the appeal. You may file a request for an extension of time to file by mail, facsimile transmission, or through the Internet. The fax number is (202) 273-4283. Special instructions for requesting an extension of time over the Internet are set forth in the attached Form NLRB-5503, Access Code Certificate. While an appeal will be accepted as timely filed if it is postmarked no later than one day prior to the appeal due date, this rule does not apply to requests for extension of time. A request for an extension of time to file an appeal **must be received** on or before the original Appeal due date. A request that is postmarked prior to the appeal due date but received after the appeal due date will be rejected as untimely. Unless filed through the Internet, a copy of any request for extension of time should be sent to me.

*Confidentiality/Privilege:* Please be advised that we cannot accept any limitations on the use of any appeal statement or evidence in support thereof provided to the Agency. Thus, any claim of confidentiality or privilege cannot be honored, except as provided by the FOIA, 5 U.S.C. 552, and any appeal statement may be subject to discretionary disclosure to a party upon request during the processing of the appeal. In the event the appeal is sustained, any statement or material submitted may be subject to introduction as evidence at any hearing that may be held before an administrative law judge. Further, we are required by the Federal Records Act to keep copies of documents used in our casehandling for some period of years after a case closes. Accordingly, we may be required by the FOIA to disclose such records upon request, absent some applicable privacy exemption such as those that protect confidential source, commercial/financial information or personal privacy interests [e.g., FOIA Exemptions 4, 6, 7(C) and 7(D), 5 U.S.C. § 552(b)(4), (6), (7)(C), and 7(D)]. Accordingly, we will not honor any requests to place limitations on our use of appeal statements or supporting evidence beyond those prescribed by the foregoing laws, regulations, and policies.

*Notice to Other Parties of Appeal:* You should notify the other party(ies) to the case that an appeal has been filed. Therefore, at the time the appeal is mailed to the General Counsel, please complete the enclosed Form NLRB-4767, Appeal Form, and send one copy of the form to all parties whose names and addresses are set forth in this letter.

Very truly yours,

Joseph P. Norelli
Regional Director

wc
Enclosures     Form NLRB-4767, Appeal Form
               Form NLRB-5503, Access Code Certificate

cc:     General Counsel, Office of Appeals



**NATIONAL LABOR RELATIONS BOARD**
**Region 20**
**901 Market Street, Suite 400**
**San Francisco, California  94103-1735**

Telephone (415) 356-5210
FAX (415) 356-5156
TDD (415) 356-5213

September 2, 2009

Wayne Hersh
Littler Mendelson
2050 Main Street, Suite 900
Irvine, CA 92514

Absalom Cristobal
101 Hyde Street
San Francisco, CA 94102

Richard Lott
Securitas, Inc.
2050 Main Street, Suite 640
San Francisco, CA 94105

John M. Henert
Securitas, Inc.
180 N. Stetson Avenue, Suite 1975
Chicago, IL 60621

Re: *Securitas, Inc.*
Case: 20-CA-34519

Dear Mr. Hersh:

Absalom Cristobal filed the instant charge on May 27, 2009, alleging that Securitas, the Employer, discharged him in retaliation for engaging in Union and/or protected, concerted activities.  By letter dated July 15, 2009, the Region deferred the charge to the parties' grievance/arbitration procedure under *Collyer Insulated Wire*, 192 NLRB 837 (1971) and *United Technologies Corp.*, 268 NLRB 557 (1984).  On August 28, 2009, the Union that represents Cristobal informed Region 20 that it had ceased processing the grievance short of resolution.  Because the parties to the contract were unable to resolve the underlying dispute through their grievance/arbitration machinery, I am rescinding the Regional Director's deferral of this charge and resuming the investigation.

If you have any questions or wish to discuss submission of additional evidence, please contact Board Agent Craig Wilson at (415) 356-5210.

Very truly yours,

Tim Peck
Acting Regional Director



**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**
**Region 20**
901 Market Street, Suite 400
San Francisco, California 94103-1735

Telephone: 415/356-5130
FAX: 415/356-5156
Website: www.nlrb.gov
Board Agent's E-mail: Craig.Wilson@nlrb.gov

JAN - 4 2010

Mr. Richard Lott
Securitas, Inc.
120 Howard Street #640
San Francisco, CA 94105

Re:  Securitas, Inc.
     Case   20-CA-34519

Dear Mr. Lott:

This is to advise you that the charge in the above matter has been withdrawn with my

approval.

Very truly yours,

Joseph P. Norelli
Regional Director

JPN:CW;djd

cc:   Mr. Wayne Hersh
      Littler Mendelson
      2050 Main Street, Suite 900
      Irvine, CA 92514

      John M. Henert, Vice President of Labor
      Relations
      Securitas Security Systems USA Inc.
      180 N. Stetson Avenue Suite 1975
      Chicago, IL 60601

      Mr. Absalom Cristobal
      1017 L Street, No. 750
      Sacramento, CA 95814

Ms. Terisita Cruz
SEIU Local 24/7
3411 E. 12th Street Suite 200
Oakland, CA 94601

Antonio Ruiz, Esq.
Weinberg Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091



FORM NLRB-501
(2-08)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

DO NOT WRITE IN THIS SPACE

| Case | Date Filed |
|------|-----------|
| 20-CA-34258 | / / 1/22/2009 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br><br>Securitas, Inc. | | b. Tel. No.<br>(415)808-1700 |
|---|---|---|
| | | c. Cell No.<br>( ) - |
| | | f. Fax No.<br>( ) - |
| d. Address (Street, city, state, and ZIP code)<br>120 Howard Street, #600<br><br>San Francisco        CA      94105- | e. Employer Representative<br>Tim<br><br>Shackleford<br><br>Manager | g. e-Mail |
| | | h. Number of workers employed<br>500+ |
| i. Type of Establishment (factory, mine, wholesaler, etc.)<br>Security | j. Identify principal product or service<br>Building Security Provider | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list

subsections) _____ of the National Labor Relations Act, and these unfair labor

practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce

within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the past six months, Securitas, Inc., by its officer, agents or representatives, has denied employee Absalom Cristobal of his
Weingarten rights in violation of the Act.

SAN FRANCISCO, CA     2009 JAN 22  A 9: 58     RECEIVED NLRB, REGION 20

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
Absalom Cristobal

| 4c. Address (Street and number, city, state, and ZIP code)<br>101 Hyde Street<br><br><br>San Francisco        CA      94103- | 4a. Tel. No.<br>(415)948-7360 |
|---|---|
| | 4b. Cell No.<br>( ) - |
| | 4d. Fax No.<br>( ) - |
| | 4e. e-Mail<br>absalomcristobal@yahoo.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

### 6. DECLARATION

| I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No.<br>(415)948-7360 |
|---|---|---|
| By _Absalom_____<br>(signature of representative or person making charge) | Absalom Cristobal, An Individual<br>(Print/type name and title or office, if any) | Office, if any, Cell No.<br>( ) - |
| | | Fax No.<br>( ) - |
| Address   101 Hyde Street<br>San Francisco        CA      94103- | 01  22  09<br>(date) | e-Mail<br>absalomcristobal@yahoo.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT        20-2009-0142

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

New Window | Help | Customize Page | http

## Pkt Employee Search

ID:  238993   *   CRISTOBAL,ABSALOM J

Empl Rcd#:   SSN: **REDACTED**
**REDACTED**

DOB:

Address: 2420 VANNESS AVE, #23

Vac/Seniority Date:   12/07/2006

First Start Date:   12/07/2006

City:  SAN FRANCISCO       State:   CA

~~Termination Date:~~   05/16/2009

Zip:  94109       Country:   USA

Rehire Date:

Last Date Paid:   05/21/2009

Company:   10   Securitas Security Svc USA Inc

Acquisition Vacation Data

Department:   04240   SAN FRANCISCO (DOWNTOWN)
SECUR

Acq Company Code:

Job Code:   5100   Security Officer, Regular

Acq Vac Plan Code:

Empl Status:   T   Terminated

Acq Vac Elig Code:

PARS Empl ID: 2040015491   Gender:       M

Full/Part Time:  F       Marital Status:   S

Save   Return to Search





Last Day Worked: 1-20-2009

5-15-2009 Discharged - Violation of Co. Policy
Code 50

Rate: $14.60 = 4 hrs. ⎤ Same
Rate: $13.60 = 4 hrs. ⎦ Day

# TALX

grant.miles@securitasinc.c

**Your Secure Message**

[ Reply ]   [ Reply All ]   [ Forward ]

| | |
|---|---|
| **From:** | matthew.mcgee@talx.com (authenticated by talx.com) ✅ Valid Signature (Help) |
| **Sent:** | Feb 24, 2010 11:04:28 AM CST |
| **To:** | julie.acierto@securitasinc.com, grant.miles@securitasinc.com, sharee.nisha@securitasinc.com |
| **Subject:** | Reply By: 2/25/2010 Unemployment State Call on ABSALOM J CRISTOBAL, ###-##-7745 Inhouse: SS30 |

```
Please send your response to TALX UC eXpress no later than 02/25/2010, 12:10
PM (CT) in order to meet the state enforced deadline.

A timely response to this request is critical to controlling your
unemployment cost.  Should you have any questions or concerns, please feel
free to contact your TALX UC eXpress representative.

To:  SECURITAS SECURITY SERVICES USA, INC
REMINDER-NEED ANSRS 4 STATE
FAX: (999) 999-9999


From: Matthew Mcgee
TALX UC eXpress
Phone: (800) 950-7004 x5939
Fax: (877) 760-5877
Email: Matthew.McGee@talx.com


Claimant: ABSALOM J CRISTOBAL     SSN: REDACTED
Claim State: CA
Employer Statement: Involuntary-Violation of company policy.

Claimant Statement:
Claimant Statement of Last Date Worked:

Following, you will find additional questions related to this document:

 What was the last physical date worked? What was date of discharge?
                     1/16/09                              5/15/09
 Name and title of person supplying information. SEE ATTACHED

 needs documentation, warnings.

 What was the final incident? SEE ATTACHED



Name of person completing form: GRANT MILES
Title of person completing form: HR SPECIALIST
```

# FRANK P. SARRO
### ATTORNEY AT LAW

225 BUSH STREET, SIXTEENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94104

PHONE (415) 439-8877
FAX (415) 439-8833

May 13, 2009

VIA FAX TO 415-543-8703 AND VIA E-MAIL

Mr. Richard Lott
Area HR Manager
Securitas Security Services USA, Inc.
120 Howard St., Suite 640
San Francisco, CA 94105

Dear Mr. Lott:

I represent Absalom Cristobal concerning his employment with and employment-related claims against Securitas.

I left you voice mails today on your office phone (415-597-6950) and your cell phone (510-459-8701). The reason for my contacting you is to clarify Mr. Cristobal's employment status with Securitas. Mr. Cristobal has shared with me your April 2, 2009, letter to him, indicating that he is on indefinite suspension until he presents a doctor's note saying that he is able to return to work, at which time you will complete your investigation into his alleged post abandonment. More recently, however, Mr. Cristobal received a letter dated May 4, 2009, from WageWorks, Inc., offering him COBRA continuation medical coverage "due to: Termination on the Qualifying Event Date of 04/30/2009." This has caused Mr. Cristobal a great deal of anxiety as to his employment status.

As for the alleged post abandonment, my understanding of the facts indicates that that situation was blown way out of proportion. Mr. Cristobal showed up at a job site and tried numerous times to gain access to the site but the responsible party at the site did not answer the door bell and would not open the door. After trying repeatedly to gain entry, Mr. Cristobal went home (only a few minutes away) and immediately called his supervisor, explaining what happened and offering to return to the site. Instead, his supervisor essentially deprived him of the chance to keep working and started his suspension.

Please contact me as soon as possible so that I can reassure Mr. Cristobal that he is still an employee of Securitas. Thank you for your prompt attention and consideration.

Very truly yours,

# Memorandum

**Date:** May 13, 2009

**To:** Absalom Cristobal

**Cc:** Personnel File

**From:** Area HR Manager, Richard Lott

**RE:** Investigation

---

Absalom,

As you are aware, you were suspended pending an investigation on January 20, 2009, for post abandonment. Securitas USA is required to complete a full investigation regarding the incident. We have contacted you several times to come into the office and meet, with or without union representation, with myself (Area HR Manager) and you have consistently refused. I received an email from you dated April 22, 2009, stating that you will be in my office on April 27, 2009, but you did not show. I have scheduled May 19, 2009, at 1:30 p.m. to meet with you to complete the investigation. This meeting would be considered the first investigatory interview, therefore, as always you will be afforded your Weingarten rights and you are welcome to have a union representative present.

I would also like to take this opportunity to reaffirm that you have not been terminated; you have been suspend pending an investigation. The COBRA notice you received was based upon your lack of hours worked which triggers that a notice of your COBRA rights be provided to you.

Sincerely,

Richard Lott

Area HR Manager



Confidential

SECURITAS

### VIA U.S. MAIL AND CERTIFIED

May 21, 2009

Absalom Cristobal
101 Hyde Street General Delivery
San Francisco, CA 94102

*Re: **Notification of Termination of Employment***

Dear Mr. Cristobal:

Securitas Security Services USA, Inc. has terminated your employment. This decision is based upon several factors including, but not limited to, the following:

1. Your abandonment of your post assignment at the Academy of Arts University located at 825 Sutter Street, San Francisco, California. You further failed to follow proper procedures and did not call the Communications Center to explain the reason that you were leaving the post. If you had a problem with calling the Communications Center, you had the cell phone number of your Field Service Manager and/or you could have called the National Communications Center.

Securitas's investigation into the incident established that your only excuse was that you were not thinking when you abandoned the post, went home, and called and left a message on the office phone of the Field Service Manager.

2. Between January 21, 2009, and May 19, 2009, you refused to participate in the investigative hearing on at least five (5) occasions.

3. You refused to provide information necessary to establish your absence from work following the notification you provided on February 9, 2009, that you were temporarily totally disabled, an event that may have triggered rights under the California Family Rights Act or the federal Family Medical Leave Act, and your refusal to provide such documentation.

Based upon the foregoing, your employment with Securitas is terminated effective May 21, 2009.

Please return your uniforms, equipment or any other client and company property to the branch immediately to prevent further collections.





We wish you well in your future endeavors.

Sincerely,

Richard Lott
Area HR Manager



Securitas Security Services USA, Inc.
120 Howard St., Suite 640, San Francisco, CA 94105
Telephone 415-597-6950 Fax 415-543-8703
www.securitasinc.com

**Securitas Security Services USA, Inc.**

120 HOWARD ST STE 640
SAN FRANCISCO CA 94105

| Employee No. | Employee Name | | |
|---|---|---|---|
| 238993 | ABSALOM J CRISTOBAL | | |
| Main Dept. | | | |
| 04240 | | | |

| | | Social Security No. | Check Number |
|---|---|---|---|
| | | REDACTED | 1001551315 |
| Period Begin | Period End | | Check Date |
| 05-08-2009 | 05-21-2009 | | 05-20-2009 |

| Hours and Earnings | | | |
|---|---|---|---|
| Description/Rate | Hours/Units | Current | |
| 2040005909 Academy of Art Univ ST    14.60 | 2.00 | 29.20 | |
| TOTAL HOURS AND EARNINGS | 2.00 | 29.20 | |

| Taxes and Deductions | | |
|---|---|---|
| Description | Current | Year-to-Date |
| PRE-TAX DEDUCTIONS | | |
| Dental | 0.00 | 28.56 |
| VISION | 0.00 | 6.68 |
| TOTAL PRE-TAX DEDS | 0.00 | 35.24 |
| TAX DEDUCTIONS | | |
| FICA-Social Security | 1.81 | 71.75 |
| FICA-Medicare | 0.43 | 16.78 |
| CA SDI | 0.32 | 12.73 |
| TOTAL TAX DEDS | 2.56 | 101.26 |
| AFTER-TAX DEDUCTIONS | | |
| Dues-UP | 0.00 | 0.00 |
| Supp Life | 0.00 | 8.12 |
| TOTAL AFTER-TAX DEDS | 0.00 | 8.12 |

| | Gross | Less Pre-Tax | Taxable Earn | Less Taxes | Less After-Tax | Reimb. | Net Pay | Current Net Pay Distribution | |
|---|---|---|---|---|---|---|---|---|---|
| Current | 29.20 | 0.00 | 29.20 | 2.56 | 0.00 | 0.00 | 26.64 | TOTAL Net Pay | 26.64 |
| YTD | 1,192.49 | 35.24 | 1,157.25 | 101.26 | 8.12 | 0.00 | 1,047.87 | Check Amount | 26.64 |

005-1 (1/01)                THIS IS A STATEMENT OF YOUR EARNINGS AND DEDUCTIONS - PLEASE DETACH AND RETAIN FOR YOUR RECORDS

## Securitas Security Services USA, Inc.
120 HOWARD ST STE 640
SAN FRANCISCO CA 94105

| Employee No. | Employee Name | | Social Security No. | Check Number |
|---|---|---|---|---|
| 238993 | ABSALOM J CRISTOBAL | | REDACTED | 1001551316 |
| Main Dept. | | Period Begin | Period End | Check Date |
| 04240 | | 05-08-2009 | 05-21-2009 | 05-20-2009 |

### Hours and Earnings

| Description/Rate | Hours/Units | Current |
|---|---|---|
| 2040005909 Academy of Art Univ VAC   14.60 | 6.77 | 98.84 |
| TOTAL HOURS AND EARNINGS | 6.77 | 98.84 |

### Taxes and Deductions

| Description | Current | Year-to-Date |
|---|---|---|
| PRE-TAX DEDUCTIONS | | |
| Dental | 0.00 | 28.56 |
| VISION | 0.00 | 6.68 |
| TOTAL PRE-TAX DEDS | 0.00 | 35.24 |
| TAX DEDUCTIONS | | |
| FICA-Social Security | 6.13 | 71.75 |
| FICA-Medicare | 1.43 | 16.78 |
| CA SDI | 1.09 | 12.73 |
| TOTAL TAX DEDS | 8.65 | 101.26 |
| AFTER-TAX DEDUCTIONS | | |
| Dues-UP | 0.00 | 0.00 |
| Supp Life | 0.00 | 8.12 |
| TOTAL AFTER-TAX DEDS | 0.00 | 8.12 |

| | Gross | Less Pre-Tax | Taxable Earn | Less Taxes | Less After-Tax | Reimb. | Net Pay |
|---|---|---|---|---|---|---|---|
| Current | 98.84 | 0.00 | 98.84 | 8.65 | 0.00 | 0.00 | 90.19 |
| YTD | 1,192.49 | 35.24 | 1,157.25 | 101.26 | 8.12 | 0.00 | 1,047.87 |

| Current Net Pay Distribution | |
|---|---|
| TOTAL Net Pay | 90.19 |
| Check Amount | 90.19 |

1005-1 (1/01)

THIS IS A STATEMENT OF YOUR EARNINGS AND DEDUCTIONS - PLEASE DETACH AND RETAIN FOR YOUR RECORDS



## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **OCT-21-2011** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

---

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint.  (CRC 3.221(c))



**Superior Court of California
County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit.  Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly.  ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration.  If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision.  In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## *Operation*

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  A case is ordered to arbitration after the Case Management Conference.  An arbitrator is chosen from the Court's Arbitration Panel.  Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference.  Arbitrations are generally held between 7 and 9 months after a complaint has been filed.  Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision.  Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## *Cost*

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

## *Description*

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations.  The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case.  The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution.  Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at **www.sfsuperiorcourt.org.** Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties.  It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process.  Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by BASF pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $250 per party administration fee, parties select a specific mediator from the list of approved mediation providers or BASF will help them select an appropriate mediator for the matter.  The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call the BASF at 415-982-1600.

## *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program.  A preference for a specific judge may be indicated.  The court's Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $100 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $250 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the Case Management Statement (CM-110).

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial.  The settlement conference is typically held 2 to 3 months prior to the trial date.  The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP.  All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference.  All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference.  If settlement is not reached through the conference, the case proceeds to trial as scheduled.

## Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco.  Parties who meet certain eligibility requirements may request a fee waiver.  For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.


* * * * * * * * * * * * * * * * * * *


For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA   94102
(415) 551-3876

Or, visit the Superior Court Website at **www.sfsuperiorcourt.org**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION**<br><br>DEPARTMENT  212 |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**          ☐  **Mediation Services of BASF**     ☐   **Judicial Mediation**
☐ **Binding arbitration**                                                    Judge  _____
☐ **Non-binding judicial arbitration**                                       Judge  _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2   05/10                     **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

| | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:         FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|

*(Check one):*  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)     ☐ **LIMITED CASE** (Amount demanded is $25,000 or less)

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:      Time:      Dept.:      Div.:      Room:

Address of court *(if different from the address above):*

☐   Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐   This statement is submitted by party *(name):*
   b. ☐   This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐   The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not):*

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐   have had a default entered against them *(specify names):*

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in   ☐ complaint    ☐ cross-complaint    *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21.** Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____  ▶  _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY)

_____  ▶  _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



# Superior Court of California
## County of San Francisco



HON. KATHERINE FEINSTEIN
PRESIDING JUDGE

# Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable Linda Colfax | The Honorable Tomar Mason |
| The Honorable Michael Begert | The Honorable James J. McBride |
| The Honorable Gail Dekreon | The Honorable Ronald Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Harold E. Kahn | The Honorable John K. Stewart |
| The Honorable Curtis Karnow | The Honorable Monica F. Wiley |
| The Honorable Charlene P. Kiesselbach | The Honorable Mary E. Wiss |
| The Honorable Patrick J. Mahoney | The Honorable Charlotte W. Woolard |

Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 610. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

03/2011 (ja)

# EXHIBIT 2

1   Timothy J. Murphy, State Bar No. 54200
    Jennifer K. Achtert, State Bar No. 197263
2   FISHER & PHILLIPS LLP
    One Embarcadero Center, Suite 2340
3   San Francisco, California 94111
    Telephone:  (415) 490-9000
4   Facsimile:   (415) 490-9001

5   Attorneys for Defendant,
    SECURITAS SECURITY SERVICES USA, INC.

6

7

8

9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                IN AND FOR THE COUNTY OF SAN FRANCISCO

11   ABSALOM CRISTOBAL,                     Case No.: CGC-11-511196

12                     Plaintiff,           **DEFENDANT SECURITAS SECURITY**
                                            **SERVICES USA, INC.'S ANSWER TO**
13   vs.                                    **COMPLAINT**

14   SECURITAS SECURITY SERVICES, USA
     INC.,
15                                          Complaint Filed:  May 24, 2011
                      Defendant.            Trial Date: None set.
16

17

18        Defendant SECURITAS SECURITY SERVICES USA, INC. (hereinafter "Securitas"

19   or "Defendant"), by and through its counsel, hereby answers the Unverified Complaint of

20   Plaintiff ABSALOM CRISTOBAL (hereinafter "Cristobal" or "Plaintiff") as follows:

21                              **GENERAL DENIAL**

22        Pursuant to California Code of Civil Procedure § 431.30, Defendant generally and

23   specifically denies each and every material allegation contained in the Complaint, and further

24   specifically denies that Plaintiff has suffered any injury, damage or loss of any kind or in any

25   sum or sums whatsoever, by reason of any alleged act(s) or omission(s) of Defendant, or any of

26   its employees, agents or anyone else allegedly acting on its behalf.

27   / / /

28   / / /

---
ANSWER TO COMPLAINT                                                    1
SanFrancisco 116701.1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State A Claim)

The Complaint, and each cause of action stated therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims are limited or barred, in whole or in part, by Plaintiff's failure to comply with all statutory, jurisdictional and procedural requirements under applicable law, including the Fair Employment and Housing Act, the applicable collective bargaining agreement, internal complaint procedures, and failure to exhaust his administrative remedies thereunder. (Cal. Gov't Code §12965(b).)

### THIRD AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

The Complaint, and each purported cause of action therein is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 335.1, 337, and 338; Government Code section 12965(b); and 29 U.S.C. sections 160(b) and 185(a).

### FOURTH AFFIRMATIVE DEFENSE

#### (Lack of Notice)

Plaintiff's claims, or his recovery of damages thereon, are barred, in whole or in part, to the extent that Defendant had no knowledge or notice, constructive or otherwise, of the alleged misconduct or of the unfitness of any employee alleged to have engaged in misconduct, discrimination, or retaliation.

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to State A Claim for Punitive Damages)

Plaintiff's claim for punitive damages fails to state facts sufficient to obtain such damages against Defendant. (See Cal. Civil Code § 3294.) To the extent Plaintiff's claim for

1 | punitive damages relies upon alleged acts by Defendant's alleged agents purportedly imputed
2 | to Defendant, the limitations inherent in general agency principles prohibit such recovery.

### SIXTH AFFIRMATIVE DEFENSE

#### (Constitutional Defenses to Punitive Damage Claims)

Plaintiff's claims for punitive damages are barred, in whole or in part, by the United States and California Constitutions, because (a) the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates Defendant's right to due process of law, to equal protection of the law, the right to be free from the unlawful taking of property, the right to be free of excessive fines and all other substantive and procedural protections of the Constitutions applicable to punitive damages, (b) such claims discriminate against Defendant on the basis of wealth and because different amounts can be awarded against two or more defendants for the same conduct where those defendants differ only in material wealth, (c) such claims violate the Separation of Powers Doctrine since this Court would be usurping the exclusive power of the legislature to define crimes and establish punishment, and/or (d) such claims operated as an *ex post facto* law in that any such award would effectively be criminalizing conduct after it has occurred and without appropriate advance notice to Defendant that such conduct may subject it to such punishment.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Good Faith of Defendant)

Plaintiff's claims for punitive damages are barred, in whole or in part, because of Defendant's good faith efforts to comply with the applicable laws.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

Plaintiff's claims for damages are barred, in whole or in part, to the extent that Plaintiff has failed to exercise reasonable diligence in mitigating his alleged damages, if any, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

/ / /

### NINTH AFFIRMATIVE DEFENSE

### (Exclusive Workers' Compensation Remedy)

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the Workers' Compensation Act.  (Cal. Labor Code §§ 3600, *et seq.*)

### TENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Cause)

Plaintiff's claims are barred or limited to the extent that Plaintiff suffered any symptoms of mental or emotional distress or injury which is the result of any pre-existing condition or alternative concurrent or subsequent cause, and not the result of any act or omission of Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Follow Procedures)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to comply with requirements set forth by law or in Defendant's employment policies and procedures.

### TWELFTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory Reasons/Privilege/Good Cause)

The Complaint, and each purported cause of action therein, is barred because all conduct of Defendant affecting the terms and/or conditions of Plaintiff's employment was for legitimate non-discriminatory reason(s), was privileged and/or justified, and was done with good cause.  Even if Defendant had considered a prohibited factor in any decision, which Defendants deny, Defendants would have made the same decision in any event for lawful reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Offset for Other Income Received)

Plaintiff's claims for damages are barred to the extent of any interim earnings or other mitigation.

/ / /

## FOURTEENTH AFFIRMATIVE DEFENSE

### (ERISA Preemption)

Plaintiff's recovery of any compensatory or other monetary damages for any alleged loss of fringe benefits, including medical or retirement benefits, is barred, in whole or in part, on the grounds that the exclusive remedy for such alleged damages is the Employee Retirement and Income Security Act (ERISA) 29 U.S.C. sections 1001, *et seq.*

## FIFTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Plaintiff's claims or recovery of damages pursuant to his Complaint may be barred, in whole or in part, based on the after-acquired evidence doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Conduct Beyond the Course and Scope of Employment/Lack of Agency)

If any alleged discriminatory, retaliatory, or other improper conduct occurred, which Defendant denies, Defendant is not liable because (a) any person allegedly engaging in any such conduct was not acting as an employee or agent of Defendant, (b) such conduct was outside the course, scope, and/or authority of Defendant, and/or any employee or agent of Defendant, (c) Defendant was not negligent or reckless with respect to any such conduct, and/or (d) such conduct was expressly contrary to and in disregard for Defendant's interests, rules, policies and/or procedures.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

The Complaint, and each cause of action stated therein, is barred by the doctrines of waiver and estoppel, unclean hands, laches, and/or forfeiture.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's employment was at will.  (Cal. Labor Code § 2922.)

/ / /

## NINETEENTH AFFIRMATIVE DEFENSE

### (Contract Defenses)

Plaintiff's Complaint is barred, in whole or in part, by the parol evidence rule, failure or lack of sufficient consideration, failure of conditions precedent, frustration of purpose, necessity, unanticipated circumstances, impossibility, impracticability, unforeseen circumstances, and/or no implied contract contrary to written agreement.

## TWENTIETH AFFIRMATIVE DEFENSE

### (LMRA Preemption)

Plaintiff's Complaint, and each cause of action stated therein, is pre-empted, in whole or in part, by Section 301 of the Labor-Management Relations Act, 29 U.S.C. section 185.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendant expressly reserves its right to amend this answer and to assert additional affirmative defenses, and to supplement, alter or change this answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and/or upon Defendant's undertaking of discovery and investigation of this matter.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendant SECURITAS SECURITY SERVICES USA, INC. prays that judgment be entered in its favor and against Plaintiff ABSALOM CRISTOBAL, that Plaintiff take nothing by way of his Complaint against Defendant, and that Defendant be awarded its costs of suit, including reasonable attorneys' fees, and such other relief that this Court may deem appropriate.

DATED:  June 23, 2011                          FISHER & PHILLIPS LLP


                                               By: _____
                                                  Jennifer K. Achtert
                                                  Attorneys for Defendant
                                                  SECURITAS SECURITY SERVICES USA,
                                                  INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am a citizen of the United States of America and a resident of Contra Costa County.  I am over 18 years of age and not a party to this action.   My business address is One Embarcadero Center, Suite 2340, San Francisco, CA 94111-3712.  On this date, June 23, 2011, I served the within document(s) and thing(s):

### DEFENDANT SECURITAS SECURITY SERVICES USA, INC.'S ANSWER TO COMPLAINT

as follows:

√    (by mail) on all parties in said action in accordance with Code of Civil Procedure §1013, by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below.  At Fisher & Phillips, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the County of San Francisco, California.

_____ (by overnight delivery) on all parties in said action by depositing a true and correct copy thereof  in a sealed packet for overnight mail delivery, with charges thereon fully paid, in a Federal Express collection box, at San Francisco, California, and addressed as set forth below.

_____ (by facsimile transmission) on all parties in said action, by transmitting a true and correct copy thereof from our office facsimile machine, (415) 490-9001, to the facsimile machine number(s) shown below.   Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

_____ (by electronic service) based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

_____ (by messenger service) on all parties in said action by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service.

| | |
|---|---|
| Absalom Cristobal<br>1017 L Street, #750<br>Sacramento, CA  95814 | **_In Pro Per_**<br><br>Tel:    (415) 948-7360<br>E-Mail:   absalom.cristobal@yahoo.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on June 23, 2011, at San Francisco, CA.

Carol S. Ferrari

PROOF OF SERVICE
SanFrancisco 116694.1

# EXHIBIT 3

1 Timothy J. Murphy, State Bar No. 54200
  Jennifer K. Achtert, State Bar No. 197263
2 FISHER & PHILLIPS LLP
  One Embarcadero Center, Suite 2340
3 San Francisco, California 94111
  Telephone: (415) 490-9000
4 Facsimile: (415) 490-9001

5 Attorneys for Defendant,
  SECURITAS SECURITY SERVICES USA, INC.
6

7

8

9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                IN AND FOR THE COUNTY OF SAN FRANCISCO

11 ABSALOM CRISTOBAL,                    | Case No.: CGC-11-511196

12                        Plaintiff,     | **DEFENDANT'S NOTICE OF FILING OF**
                                         | **NOTICE OF REMOVAL**
13 vs.

14 SECURITAS SECURITY SERVICES, USA
   INC.,                                 | Complaint Filed: May 24, 2011
15                        Defendant.     | Trial Date: None yet set.

16

17 TO THE CLERK OF THE SUPERIOR COURT OF SAN FRANCISCO COUNTY:

18        PLEASE TAKE NOTICE that Defendant Securitas Security Services USA, Inc., by and

19 through its undersigned counsel, has filed a Notice of Removal, a copy of which is attached

20 hereto as Exhibit A, in the United States District Court for the Northern District of California.

21        Pursuant to 28 U.S.C. §1446(d), no further proceedings may be held in this Court unless

22 and until the case is remanded.

23

24 DATED: June 23, 2011              FISHER & PHILLIPS LLP

25

26                                   By: _____
                                        Jennifer K. Achtert
27                                      Attorneys for Defendant
                                        SECURITAS SECURITY SERVICES USA, INC.
28